USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: NOV 19 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SANTIAGO CANAVERAL,

        Plaintiff,

   -against-

MIDTOWN DINER NYC, INC., *d/b/a Midtown Restaurant*; NIKKOS KARADIMAS; and VASILIS,

        Defendants.

------------------------------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 635 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

On January 22, 2019, Plaintiff Santiago Canaveral commenced this action against Defendants Midtown Diner NYC, Inc., doing business as Midtown Restaurant, Nikkos Karadimas, and Vasilis for violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL"). (Compl., ECF No. 1.) On April 23, 2019, this Court granted Plaintiff's motion for a default judgment and referred the matter to Magistrate Judge James L. Cott for an inquest on damages. (Order, ECF No. 20; *see also* Order of Reference, ECF No. 21.) Pursuant to an order by Magistrate Judge Cott, Plaintiff submitted a memorandum of law in support of his motion for default judgment, a declaration, and an affirmation from his counsel. (Pl.'s Mem. of Law in Supp. of His Mot. for Default J. ("Pl.'s Mem."), ECF No. 31; Pl.'s Decl., ECF No. 33; Att'y Decl. in Supp. of Pl.'s Mot. for Default J. ("Att'y Decl."), ECF No. 32.) He also filed a proposed default judgment requesting $58,896 in damages, $2,861.95 in prejudgment interest, $14,337.50 in attorneys' fees, and $601.36 in costs, for a total of $76,696.81. (*See* Default J., ECF No. 35.) Defendants did not file a response to Plaintiff's submissions.

Before this Court is Magistrate Judge Cott's September 5, 2019 Report and Recommendation (the "Report"), recommending an award of $67,509 in damages, prejudgment

and postjudgment interest, and $5,844 in attorneys' fees and costs. (Report, ECF No. 36, at 1.) Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 24.) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report in full.

## I. LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Default Judgment and Computation of Damages.

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). The court need not conduct a hearing to make such a determination, "as long as it [has] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations and internal quotation marks omitted). Specifically, the court

2

must determine the proper rule for calculating damages on the claim, and whether plaintiff's evidence sufficiently supports the damages to be determined under that rule. *See Credit Lyonnais*, 183 F.3d at 155.

## II. THE REPORT CORRECTLY CALCULATES PLAINTIFF'S DAMAGES

As Magistrate Judge Cott correctly notes, although Plaintiff asserts minimum wage and overtime claims under both the FLSA and NYLL, Plaintiff cannot recover under both statutes for the same injury. (*See* Report at 7.) Magistrate Judge Cott appropriately found that Plaintiff is entitled to recover under the NYLL because it "provides for the greatest relief." (*Id.* (quoting *Ni v. Bat-Yam Food Servs. Inc.*, No. 13 Civ. 7274 (ALC) (JCF), 2016 WL 369681, at *1 (S.D.N.Y. Jan. 27, 2016)).) He also appropriately recommended calculating damages using the state minimum wage under the NYLL, given that it was higher than the federal minimum wage under the FLSA during the relevant period. (*Id.* at 6, 8.) Finally, he properly accepted Plaintiff's request to use the higher rate for "large employers"—employers of 11 or more employees —as opposed to the lower rate for "small employers"—employers of ten or fewer employees—given Defendants' default and failure to confirm how many employees work at the restaurant. (*See id.* at 8.)

Using the applicable rates of $11 per hour for the period between November 5, 2017 and December 30, 2017, and $13 per hour for the period between December 31, 2017 and October 10, 2018, Magistrate Judge Cott correctly calculated Plaintiff's damages for unpaid minimum and overtime wages to be $28,754.50. (*Id.* at 9–10.)[1]

---

[1] As Magistrate Judge Cott correctly observes, Plaintiff makes several misstatements and omits certain information in his submissions. First, Plaintiff mistakenly states that the state minimum wage for large employers was $13 per hour after December 31, 2016 and $15 per hour after December 31, 2017, when the correct rates were, in fact, $11 and $13, respectively. (Report at 7–8 (citing Pl.'s Mem. at 7); *see* NYLL § 652(1).) Second, Plaintiff fails to state how many employees worked at the restaurant in order for this Court to ascertain whether the restaurant is a "small employer" or a "large employer." (Report at 8.) Third,

3

Magistrate Judge Cott also correctly found that Plaintiff is entitled under the NYLL to liquidated damages equal to the total amount of his unpaid minimum and overtime wages. (*Id.* at 11); *see* NYLL §§ 198(l-a), 663(1); 29 U.S.C. §§ 216(b), 260. Specifically, Plaintiff is entitled to $28,754.50 in liquidated damages.

Plaintiff alleges that Defendants never provided him with wage notices or wage statements, (Pl.'s Decl. ¶¶ 7–8, 15), as required under New York's Wage Theft Prevention Act, (Report at 12 (citing NYLL §§ 195(1)(a), 195(3))). Magistrate Judge Cott properly found that, because Plaintiff worked more than 100 days for Defendants, Plaintiff is entitled to the maximum $5,000 for wage notice violations and $5,000 for wage statement violations, for a total of $10,000 in statutory damages. (Report at 12–13); *see* NYLL § 198(1-b), (1-d).

Magistrate Judge Cott appropriately found that Plaintiff is entitled to prejudgment interest calculated at a rate of 9% per year, accruing from the midpoint of his employment with Defendants to the date of the entry of judgment. (Report at 13–14); *see* N.Y. C.P.L.R. § 5004; *Tackie v. Keff Enters. LLC*, No. 14 Civ. 2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) (noting that where a "plaintiff's damages were incurred at various times," interest is calculated from a "single reasonable intermediate date," and that "[i]n wage and hour cases, courts often choose the midpoint of the plaintiff's employment within the limitations period" (citation and internal quotation marks omitted)). Accordingly, Plaintiff shall be awarded 9% interest on a balance of $28,754.50 from April 23, 2018 until the date that judgment is entered. (Report at 14.)

---

Plaintiff did not provide an exact start date for his employment, causing Magistrate Judge Cott to use November 5, 2017 as the best approximate date based on other facts in the record. (*Id.* at 9 n.4.) Finally, Plaintiff's submissions have a "baffling number of inconsistencies and provide[] no support for [the] damages calculations," prompting Magistrate Judge Cott to perform his own calculations based on the hours Plaintiff worked. (*Id.* at 10 n.5.)

4

Plaintiff is likewise entitled to post-judgment interest on all sums awarded, accruing from when the Clerk of Court enters judgment until the date of payment. (*Id.* at 15); *see* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.")

### III. THE REPORT CORRECTLY CALCULATES ATTORNEYS' FEES AND COSTS

As the Report notes, Plaintiff seeks to recover fees for work performed by associate attorney Silvia Stanciu; paralegal Marialyn Acevedo; and junior associate Kenneth Abeyratne, who is not yet admitted to the New York bar. (Report at 17–18; *see* Att'y Decl. ¶¶ 18, 22.) Magistrate Judge Cott properly found that the $350 hourly rate sought for Stanciu should be reduced to $200, and that the $100 hourly rates sought for Acevedo and Abeyratne are reasonable. (Report at 17–18 (citing *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 659 (S.D.N.Y. 2019) (up to $175 for attorneys not yet admitted to bar); *Guang Ping Zhu v. Salaam Bombay, Inc.*, No. 16 Civ. 4091 (JPO), 2019 WL 76706, at *2 (S.D.N.Y. Jan. 2, 2019) ($100 to $150 per hour for paralegals); *Velandia v. Serendipity 3, Inc.*, No. 16 Civ. 1799 (AJN), 2018 WL 3418776, at *4 (S.D.N.Y. July 12, 2018) ($200 to $300 per hour for associates)).) Magistrate Judge Cott also appropriately found that the 38.95 hours billed by Stanciu should be reduced by 40% to 23.37 hours, and that the 2.3 hours billed by Acevedo and the 5 hours billed by Abeyratne are reasonable. (*Id.* at 19–22 (citing *Dominguez v. 322 Rest. Corp.*, No. 14 Civ. 3643 (RA), 2019 WL 2053995, at *3 (S.D.N.Y. May 9, 2019) (30% reduction in attorney's hours); *Lora v. Grill on 2nd LLC*, No. 18 Civ. 4949 (JMF), 2018 WL 5113953, at *2 (S.D.N.Y. Oct. 19, 2018) (50% reduction in attorney's hours)).)

Magistrate Judge Cott thus correctly determined that Plaintiff should be awarded attorneys' fees of $4,674 for Stanciu, $230 for Acevedo, and $500 for Abeyratne, for a total of $5,404. (*Id.*

5

at 22.) He also correctly found that Plaintiff should be awarded costs of $440, rather than $601.36 as Plaintiff seeks, since Plaintiff did not submit underlying documentation for the $144 sought for process server fees or the $17.36 sought for postage and delivery fees. (*Id.* at 23.)

## IV. CONCLUSION

Magistrate Judge Cott's Report is ADOPTED. Defendants are ordered to pay Plaintiff $67,509 in damages (consisting of $28,754.50 in damages for unpaid minimum and overtime wages, $28,754.50 in liquidated damages, and $10,000 in statutory damages), $5,844 in attorneys' fees and costs, prejudgment interest on $28,754.50 of the damages in an amount to be calculated upon entry of judgment, and postjudgment interest on all sums awarded.

Dated: New York, New York
November 19, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge